## Maynard, By, et al. v. Columbus.

(Decided November 29, 1912.)

### Appeal from Johnson Circuit Court.

1. Trustees—Real Estate—Power to Bind Trust Estate for Improvements.—In the absence of authority conferred by the instrument creating the trust, a trustee has no power to bind a trust estate for the erection of a house and other improvements on a vacant lot.

2. Mechanic's Lien—Unauthorized Contract by Trustee—Equitable Lien—Sale of Improvements—Liability of Trustee—Right to Complain of Judgment.—Where the contract for erecting a dwelling house and other improvements on a vacant lot is made with a trustee who has no authority to make the contract, the contractor is not entitled to a mechanic's lien under the statute, but if the improvements can be removed without injuring the land it is proper to adjudge him an equitable lien thereon, and to order a sale of the improvements apart from the land, and where the trustee has obligated herself to pay the entire contract price, she cannot insist upon the contractor's returning to her that portion of the contract price theretofore paid, as a condition precedent to his right to insist upon his equitable lien.

W. H. VAUGHAN and FOGG & KIRK for appellants.

HOWES & HOWES for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On September 22, 1910, appellant, Della Preston, mother of appellant, Goldie Maynard, an infant under fourteen years of age, purchased a lot from the Paintsville Realty Company for the sum of $500. The deed was made to "Della Preston, trustee for Goldie Maynard."

On April 18, 1911, John W. Columbus, appellee entered into a contract with appellant Della Preston, by the terms of which he agreed, in consideration of the sum of $1,900, to be paid by the owner, to construct a two-story residence on the lot in question, in accordance with certain plans and specifications theretofore prepared by him.

This contract was entered into by Della Preston not as trustee for Goldie Maynard, but in her individual capacity, and in signing the contract she described herself as the owner.

Appellee built the house according to contract. He also did a small amount of additional work, amounting to $11.36, making the total cost of the house $1,911.36. Appellant Della Preston paid him the sum of $525.36, leaving due appellee a balance of $1,386.

Appellee brought this action against Della Preston, trustee for Goldie Maynard, and Goldie Maynard, for the purpose of asserting and enforcing a mechanic's and materialman's lien on the property in question. Appellant Della Preston filed an answer and cross-petition alleging that in addition to the $525 paid appellee, Columbus, she had paid for other improvements on the lot in the sum of $146, making a total of $661 which she had paid for improving the premises. For this sum she asked that she be adjudged a lien upon the property and improvements.

Appellee filed an amended petition asking the court to grant the relief sought in the original petition, and if that could not be done, that he be given permission to remove the house and improvements placed on the lot by him. Appellant Goldie Maynard, by her guardian *ad litem,* filed a demurrer to both the original and amended petition. The record discloses no ruling on the demurrers.

On final hearing, the chancellor adjudged that appellee had a lien upon the house erected by him on said lot, for the sum of $1,386, with interest from November 27, 1911, and costs, including the cost of filing his statement. The court further adjudged that the appellant Preston

had a lien on the house for the sum of $525, with interest, which lien was adjudged inferior to the lien of appellee. The court also adjudged that Della Preston had a lien upon the other improvements placed on the lot for the sum of $146. From the judgment so entered Della Preston and Goldie Maynard, by her guardian *ad litem,* prosecute this appeal.

It is the general rule that a trustee has power to make whatever repairs are necessary for the preservation of the estate, but has no power to make large and extensive improvements, unless expressly authorized by the instrument creating the trust. 39 Cyc., 334; Findley v. Wilson, 3 Litt., 393; Farmers and Traders Bank v. Fidelity and Deposit Co., 108 Ky., 385. The deed in question conferred no power on the trustee to make the improvements. Therefore, the contract made by appellee with the trustee was not binding on the trust estate. The fact that Della Preston described herself as the owner of the land does not affect appellee's rights. This was the individual act of Della Preston. No act sufficient to work an estoppel against the *cestui que* trust is shown. The deed showing how the property was held was on record. Had appellee examined the records he would have ascertained that the beneficial ownership was in Goldie Maynard. Having failed to do this, he took the chances of the title not being in Della Preston, who represented herself to be the owner. As the contract for the erection of the house was not made with the owner of the lot, or with her authorized agent, it follows that appellee is not entitled to the lien provided by statute. But though the statute does not give appellee a lien upon the premises for the value of unauthorized improvements, equity will not leave him without relief. It will not permit the *cestui que* trust to use and enjoy the house without paying for it, when the house can be removed without injury to the lot. In such a case it is proper to adjudge the contractor a lien on the improvements, and to direct a sale of the improvements apart from the land. The improvements being on the infant's land, and she, therefore, being in a better position to bid than anybody else, it might be that she could arrange in some way to bid, purchase and pay for the improvements, thus resulting in giving the contractor a better price than he could otherwise get, and securing the infant a house at a reduced price. In this event, such a judgment would benefit the infant. On the other hand,

if the contractor or some third person should purchase the improvements and then remove them without injury to the land, the infant's position would be no worse than it was before the improvements were erected.

Counsel for appellant Della Preston insist, however, that the effect of the judgment is to work a rescission, and to place her in a position where she would lose everything that she put into the building. Even if this be true, we fail to see how Della Preston may justly complain. By the contract in question she agreed to pay appellee the whole contract price. Being liable for the whole of the contract price, she cannot insist upon appellee's restoring to her the $525 actually paid by her on the contract price, as a condition precedent to his right to insist on his equitable lien.

The infant, Goldie Maynard, having prosecuted no appeal against her mother, Della Preston, the propriety of that portion of the judgment giving Della Preston a lien on the improvements for the money expended by her is not before us. Ford Lumber Co. v. Cornett, 148 Ky., 25.

Judgment affirmed.